

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXIXXXXIXXXXXXXXXXXX
ATTORNEY GENERAL

February 18, 1939

Honorable Homer L. Moss
County Attorney
Wheeler County
Wheeler, Texas

Dear Sir:

Opinion No. O-190

Re: School's payment of occupation
tax for operating skating rink
and theater - Whether person
principally engaged as farmer
is liable for payment of
occupation tax for occasionally
acting as auctioneer

We are in receipt of your letter of recent date in which you request
an opinion from this Department. The pertinent portions of your
letter being as follows:

"First, we are interested in the problem of taxing a
skating rink, under the following conditions:

"The Wheeler Independent School District owns and
operates in connection with its athletic program, a
gymnasium upon its campus, which together with all
equipment is school property. School patrons and
other children of Wheeler have lately purchased an
adequate supply of skates and accessories. I understand
that is is agreed that these shall be the property of
the school athletic association. It seems that a
skating rink is being sponsored by the school or
athletic association in connection with which the
gymnasium and its floor is being used. A small fee is
charged to those desiring to pursue the recreation of
skating during scheduled hours of week nights. The
privilege is granted to students and the general public
alike and the building is open to the public. Any one
desiring to skate may do so upon payment of the
desired fee and may then pursue the sport with skates
furnished by the house for a scheduled time each
evening when the Gym. is open to the pastime. A fee
entitles the participant to enjoy the pastime for a
scheduled time during the particular evening in which
he pays. If he or she desires to skate on the following
or another night another fee is charged. The funds derived

from these fees or admissions to the floor are used
at present to pay for the skates and expenses of
operating the hall for the purposes above named. When
the skates are paid for, it is the intention of the
sponsors, that is, the athletic association to place all
profits above expenses in the athletic fund, to be used
for basketball and other athletic expenses just as
revenue derived from admissions to basket ball games or
other athletic sports would be used. Understand, the
parties who furnished the money to make the initial
payment on the skates will be reimbursed."

1. Your question concerning the above quoted portion of your letter
is as follows:  Is the skating rink being operated for profit, and
as such is the school liable for payment of occupation tax under
the provisions of Article 7047, Section 34?

2.  In the next question you inquire as to whether or not a rural
high school operating a weekly picture show on its campus and charging
admission from the general public would be liable for the payment of an
occupation tax?

3.  In the next question you inquire  as to whether or not a farmer who
occasionally acts as an auctioneer in the sale of farm products would
be liable for the payment of an occupation tax?

The pertinent portions of your letter in connection with the third
question being as follows:

"We have one or more men in the county who are principally
farmers, but hold themselves out as auctioneers in that
they cry sales of farm outfits in different parts of the
county during the early part of each year, sometimes
auctioning livestock or hogs along.  By farm outfits, I
mean a situation where a farmer sells out all feed on hand
all implements supplies and livestock and the like.  These
local auctioneers charge a small profit but engage in the
crying of perhaps a dozen or less sales per year.  Such
is not their main occupation or means of livelihood."

In answering Question No. 1 in your inquiry we deem it necessary
to first discuss the phrase, or term, " used for profit" as used in
Article 7047, Sec. 34, R. C S. of Texas.  The statute does not attempt
to define nor limit the meaning of said phrase or term, and since the
act does not define it, it must be given the meaning ordinarily
attributed to the phrase.

Profit is usually regarded as "the gain made on any business or investment when both the receipts and the payments are taken into consideration." 6 Words & Phrases, First Series, p. 5659.

I direct  your attention to the case of Houston Belt & Terminal Railway Company vs. Clarke, 122 S. W. (2d) 356, which amply defines and discusses the word "profit". From the decision in the above case, together with the definition above stated  from Words & Phrases, we are of the opinion and you are accordingly advised that the skating rink in question is being operated for profit.

Next we will discuss the question of whether the school is engaging in the "occupation" of operating a skating rink.  In discussing this phase of the question, we use principally the reasoning and language as submitted in your brief, which is to the effect that the school, as set out in your inquiry, is not principally in the business of operating a skating rink, yet such an institution, it seems  could pursue a taxable occupation as an auxiliary means of obtaining revenue.  In other words, if the recreation operated in this instance is otherwise taxable, I hardly believe that the fact that the institution is operated for educational purposes would constitute an exemption. For example,  the operating of a campus store, or the operation of a public theater to which the general public would be invited, would be engaging in an occupation other than that of the operation of a public school.

It is, therefore, the opinion of this Department, and you are accordingly advised that the school, in conducting the operation of a skating rink, is so engaged in that operation, and inasmuch as we have held in this opinion that the operation is for profit, the school in such operation would be subject to the payment of an occupation tax, as is provided in Article 7047, Sec. 34.

In answer to question No. 2, we are of the opinion, and you are so advised, that a rural high school operating a weekly picture show, and charging an admission, would be subject to the payment of an occupation tax for the same reason as stated in answer to question No. 1.

In answer to question No. 3, we wish to direct your attention to certain facts in your letter with reference to the farmers holding themselves out as auctioneers which reads, in part as follows:

"We have one or more men in the county who are principally farmers, but hold themselves out as auctioneers in that they cry sales of farm outfits in different parts of the county during the early part of each year, * * *

You will note from the above facts that the persons are holding themselves out as auctioneers. as a part of their means of livelihood, and as such would obviously be  prepared to engage in that occupation whenever the opportunity should require, depending, however, upon the amount of auctioning to be done in the county.  You will note further in your letter facts with reference to the auctioneers receiving profit, pertinent portions of your letter being as follows:

> "These local auctioneers charge a small profit but engage
> in the crying of perhaps a dozen or less sales per year."

It is clear from the above facts that these auctioneers receive profits from the auctioning, this being one of the essential elements of an occupation.  We direct your attention to the case of Tarde vs. Benseman, 31 Tex. Rep. 282, in which the court, in discussing the term "Occupation" had the following to say:

> "What is an occupation in contemplation of the constitution
> and the law?  The connection in which the word 'occupation'
> stands in the constitution would seem to give some indication
> of what was intended by it.  It says: 'Pursuing any occupation,
> trade, or profession.'  Certainly the two latter, ' trade or
> profession,' import profitable pursuits."

We also direct your attention to the case of Williams vs. State, 23 Tex. Ct. of Appeals Reps. 499, in which the court, in discussing the defintion of "occupation" used the following language:

> "It does not require even a single sale to constitute the
> offense, for a person may engage in the business without
> succeeding in it, even to the extent of one sale."

From the above facts quoted from your letter, together with the decisions cited, we are of the opinion, and you are accordingly advised, that such persons holding themselves as auctioneers would be subject to the payment of an occupation tax as is required by Article 7047, Section 6.

Yours very truly,

APPROVED                                ATTORNEY GENERAL OF TEXAS
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS               s/  George P. Kirkpatrick


By
    George P. Kirkpatrick
              Assistant

GPK:FG/ldw